UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ERICCA STRICKLAND,

    Plaintiff,

v.                                                Case No:   6:19-cv-32-Orl-22TBS

DOLGENCORP, LLC,

    Defendant.

## ORDER

Plaintiff Ericca Strickland filed this lawsuit in the Florida state court and Defendant Dolgencorp, LLC removed it to this Court based upon the alleged existence of diversity jurisdiction (Doc. 1). In her complaint, Plaintiff claims that as a consequence of Defendant's negligence she:

> has been permanently and seriously injured and bruised in and about her neck, back, joints and limbs, suffering physical pain and suffering in the past and indefinitely into the future, suffering mental pain in the past and indefinitely into the future, losing the capacity for the enjoyment of life in the past and indefinitely into the future, loss of earnings and loss of ability to earn money, incurring medical and hospital bills for her care and treatment in the past and into the indefinite future; all in an amount exceeding Fifteen Thousand Dollars ($15,000.00), against the Defendant.

(Doc. 1-1, ¶ 12). Defendant served interrogatories on Plaintiff who provided the following information in her answers: Plaintiff feels she is owed more than $75,000 in damages; she has incurred $12,415.25 in medical bills; anticipates $187,220 in future medical costs; and has $976,800 in future lost wages (Doc. 10-4, ¶ 22). Based upon this evidence, Defendant removed the case to this Court (Doc. 1). Now, Plaintiff argues that

the case should be remanded because, following removal, she offered to stipulate that her damages do not exceed $75,000 (Doc. 9). Defendant opposes the motion (Doc. 10).

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction in civil actions between citizens of different states where the amount in controversy exceeds $75,000.00 exclusive of interest and costs. 28 U.S.C. § 1332(a).

Plaintiff does not deny that the Court had diversity jurisdiction when Defendant removed the case. Instead, Plaintiff relies on her offer to stipulate to a $75,000 cap on her damages made after the case was removed. Plaintiff's proffered stipulation comes too late. "A court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later." Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 751 (11th Cir. 2010). "If jurisdiction was proper at that date, subsequent events, even the loss of the required amount in controversy, will not operate to divest the court of jurisdiction." Leonard v. Enter. Rent a Car, 279 F.3d 967, 972 (11th Cir. 2002); see also Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d 1290, 1294-1295 (11th Cir. 2008) ("The existence of federal jurisdiction is tested at the time of removal."); Poore v. American–Amicable Life Ins. Co. of Texas, 218 F.3d 1287, 1291 (11th Cir. 2000), *overruled in part on other grounds in* Alvarez v. Uniroyal Tire Co., 508 F.3d 639, 641 (11th Cir. 2007) ("[E]vents occurring after removal which may reduce the damages recoverable below the amount in controversy requirement do not oust the district court's jurisdiction.").

Plaintiff does not dispute that the amount in controversy exceeded $75,000 on the date the case was removed to this Court. Accordingly, Plaintiff's Motion to Remand Back to State Court (Doc. 9), is **DENIED**. The motion is also **DENIED** because it does not include a memorandum of legal authority in violation of Local Rule 3.01(a).

**DONE** and **ORDERED** in Orlando, Florida on February 14, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record